UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ESTATE OF MIGUEL ROBLES by Maria Montiel as next of kin and surviving spouse of Miguel Robles, and MARIA MONTIEL, Individually, | * * * * * |
| Plaintiffs, | * * |
| v. | No. _____ * |
| | * JURY DEMAND |
| VANDERBILT UNIVERSITY MEDICAL CENTER, TEJAL BRAHMBHATT, M.D., LAUREN HUBBARD ADCOCK, R.N., and MICHAEL FISCHER, R.R.T., | * * * * * |
| Defendants. | * |

## COMPLAINT

Come the Plaintiffs, by and through counsel, and sue the Defendants above named and for cause of action state as follows:

### PRELIMINARY STATEMENT AND JURISDICTION

1. This is a clear liability medical negligence action in which Defendants failed to properly treat the deceased, Miguel Robles, resulting in his death.

2. This diversity action is brought under 28 U.S.C. § 1332.

3. The Plaintiff is a resident of the state of Florida.

4. Defendant Vanderbilt University Medical Center ("VUMC") is a healthcare facility with its principle place of business in Davidson County, Tennessee.

1

5. Defendant Tejal Brahmbhatt, M.D. ("Brahmbhatt"), is a resident of the state of Tennessee. He is a medical doctor. On the day in question, Brahmbhatt was a surgery resident at VUMC in Nashville, Davidson County, Tennessee.

6. Defendant Lauren Hubbard Adcock, R.N. ("Adcock"), is a resident of the state of Tennessee. She is a registered nurse. She practices in Nashville, Davidson County, Tennessee.

7. Defendant Michael Fischer, R.R.T. ("Fischer"), is a resident of the state of Tennessee. He is a respiratory therapist. He practices in Nashville, Davidson County, Tennessee.

8. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

9. A Certificate of Good Faith is attached hereto as **Exhibit A**.

10. This case was previously filed in the Circuit Court of Davidson County, Tennessee, Docket number 10C821

11. The case was non-suited by the Plaintiffs and an Order allowing the nonsuit was entered by the Circuit Court on June 5, 2010

12. The Defendants appealed the entry of the non-suit and the appeal was denied by Order of the Tennessee Court of Appeals on April 19, 2011. (*Robles v. Vanderbilt University Medical Center*, 2011WL1532069 (Tenn. Ct. App.))

13. The instant case was filed within one year of the prior non-suit.

## STATEMENT OF FACTS AND ALLEGATIONS

14. All preceding statements and allegations of plaintiff's complaint are incorporated herein and realleged as if expressly set forth herein.

15. Miguel Robles was 47 years old at the time of the injury, having been born on December 18, 1962.

16. Miguel Robles was married to Plaintiff Maria Montiel.

17. Miguel Robles first presented to VUMC on or about October 18, 2008, following a motor vehicle collision.

18. When Mr Robles presented at VUMC on October 18, 2008, he was tested for cognitive function by use of the Glasgow Coma Score (GCS).

19. On October 18, 2008, Mr Robles' Glasgow Coma Score was 15 out of 15.

20. A Glasgow Coma Score of 15 out of 15 is the highest possible score on this cognitive function test and is considered normal.

21. Mr. Robles required medical assistance upon arrival at Vanderbilt University Medical Center.

22. Mr. Robles was in the complete care, custody, and control of Defendant VUMC or Defendant VUMC's agents.

23. Mr. Robles was not negligent while at VUMC for any act that contributed to his injuries.

24. Mr. Robles was not negligent for any failure to act while at VUMC that contributed to his injuries.

25. During the course of his hospital stay at Vanderbilt, Defendants Brahmbhatt, Adcock, and Fischer were assigned to treat Mr. Robles.

26. The Defendants, jointly and severally, undertook the care of Mr. Robles.

27. Defendants VUMC, Brahmbhatt, Adcock, and Fischer failed to properly treat Mr. Robles, which caused an anoxic brain injury which left him incompetent, under a mental disability, and eventually led to Mr. Robles' death.

28. On Nov 13, 2008, due to the negligence of the defendants, it was determined that Miguel Robles had suffered from a global anoxic brain injury.

29. That the global anoxic brain injury suffered by Mr. Robles rendered him in a vegetative state, or brain dead, at the time of his discharge from Vanderbilt University Medical Center.

30. That the defendants failed to adequately monitor Mr. Robles to prevent respiratory and pulmonary distress.

31. That the defendants failed to assess and recognize the signs and symptoms of Mr Robles' worsening medical condition.

32. That the Defendants failed to timely intervene to prevent harm when they knew, or should have known, of Mr Robles' worsening medical condition.

33. The Defendants failed to timely consult with other necessary medical professionals, to include Miguel Robles' own doctors and health care providers, when the need to consult with such health care professionals was, or should have been, apparent.

34. The defendants failed to appropriately report the pulmonary, respiratory, and other changes in Miguel Robles' medical condition when they knew, or should have known, such changes indicated a worsening medical condition.

35. The Defendants failed to discontinue tube feeding when they knew, or should have known, of Mr Robles' worsening medical condition.

36. The Defendants failed to timely intubate Mr. Robles when they knew, or should have known, intubation was required to prevent the injury and death of Mr. Robles.

37. The defendants failed to timely issue orders that were required for the health and well being of Miguel Robles when they knew, or should have known, such orders were necessary to preserve the health and life of Miguel Robles given his respiratory, cardiac, and worsening medical condition.

38. The actions of the Defendants, either alone or combined and concurring with other acts of the Defendants described above and below, were the proximate cause of injury to Miguel Robles and led to his subsequent death.

39. But for the actions of the defendants, Miguel Robles would not have had an anoxic brain injury.

40. But for the actions of the defendants, Miguel Robles would still be alive.

## COUNT I
## VANDERBILT UNIVERSITY MEDICAL CENTER

41. All preceding statements and allegations of plaintiffs' complaint are incorporated herein and realleged as if expressly set forth herein.

42. The Office of General Counsel at Vanderbilt University Medical Center agreed to accept service for all defendants on November 3, 2009 (**Exhibit B**).

43. The Plaintiffs have complied with Tenn. Code Ann. § 29-26-121(a) by delivery of the notice of the claim to Defendant Vanderbilt University Medical Center on October 23, 2009, by personal delivery to the Registered Agent for service of process, John McCauley, General Counsel for VUMC. Documentation required by Tenn. Code Ann. § 29-26-121(a) is attached hereto as **Exhibit C** and is incorporated herein by reference.

44. Notice was further provided with service of the original suit on March 9, 2010 by process server (**Exhibit D**).

45. The Plaintiffs have complied with Tenn. Code Ann. § 29-26-121(a) by having mailed by certified mail a second notice of the claim to Defendant Vanderbilt University Medical Center at the defendant's current business address, which is evidenced by the attached Affidavit of Jennifer L. Rodriguez (**Exhibit E**), which states that such actions occurred, showing that notice was sent by certified mail to Vanderbilt University Medical Center on July 26, 2010. A copy of the notice mailed is attached to the Affidavit. The Certificate of Mailing from the U.S. Postal Service, stamped with the date of mailing, is attached to the Affidavit, establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent is attached to the attached Affidavit.

46. The Plaintiffs have further complied with Tenn. Code Ann. § 29-26-121(a) by delivery of the notice of the claim to Defendant Vanderbilt University Medical Center on August 10, 2010, by personal delivery to Registered Agent for service of process, John McCauley, General Counsel for VUMC. Documentation required by Tenn. Code Ann. § 29-26-121(a) is attached hereto as **Exhibit F** and is incorporated herein by reference.

47. The requirements of Tenn. Code Ann. § 29-26-121(a) have been satisfied and more than sixty (60) days have passed since the date of Notice to the Defendant.

48. Plaintiffs aver that Defendant Vanderbilt enjoys a principal-agent relationship between itself and Defendants Brahmbhatt, Adcock, and Fischer, as Vanderbilt provides physical facilities and the personnel support essential to the conduct of business of said agents, without which said agents could not conduct their business. Further, the interest of said principal and agents are joint and mutual in that each derive business and profits from one another, owing to

the facilities of one, and the talents of the other. Defendant Vanderbilt cannot function without its agents and the agents cannot function without the Defendant. Accordingly, a quid pro quo exists between said principal and agents, and poses a joint and several liability relationship.

49. Defendant VUMC undertook the treatment of Miguel Robles and was required to do so without negligence.

50. Defendant VUMC had a duty to act reasonably in hiring and retaining Defendants Brahmbhatt, Adcock, and Fischer, to properly train and supervise its employees, and promulgate and enforce rules and regulations to ensure is employees and/or agents were reasonably safe.

51. Defendant VUMC failed in the above-mentioned duties, and committed such other acts of negligence as may be shown at the trial of this case, and such failures contributed to the injuries suffered by the Plaintiffs.

52. Mr. Robles' brain injury occurred as the result of the negligence and medical negligence of Defendant VUMC. Stated alternatively, once Defendant VUMC undertook to treat Mr. Robles it failed to conform its care and treatment of Miguel Robles to the accepted level of care as it then existed for treating a patient such as Miguel Robles in Davidson County or a similar community at that time, thereby causing him to suffer injury and damages. Stated another way, the defendants were guilty of medical malpractice and negligence which injured and damaged the Plaintiffs.

## COUNT II
## TEJAL BRAHMBHATT, M.D.

53. All preceding statements and allegations of plaintiffs' complaint are incorporated herein and realleged as if expressly set forth herein.

54. The Plaintiffs have complied with Tenn. Code Ann. § 29-26-121(a) by having mailed by certified mail notice of the claim to Defendant Tejal Brahmbhatt, M.D. at the defendant's

7

Case 3:11-cv-00399   Document 1   Filed 04/28/11   Page 7 of 14 PageID #: 7

current business address, which is evidenced by the attached Affidavit of Trudy H. LaBrack (**Exhibit G**), which states that such actions occurred, showing that notice was sent by certified mail to Tejal Brahmbhatt, M.D. on October 22, 2009. A copy of the notice mailed is attached to the Affidavit of Trudy H. LaBrack. The Certificate of Mailing from the U.S. Postal Service, stamped with the date of mailing, is attached to the Affidavit of Trudy H. LaBrack, establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent is attached to the attached Affidavit of Trudy H. LaBrack.

55. Notice was further provided with service of the original suit on March 15, 2010 by certified mail by the Secretary of State (**Exhibit H**).

56. The Plaintiffs have complied with Tenn. Code Ann. § 29-26-121(a) by having mailed by certified mail a second notice of the claim to Defendant Tejal Brahmbhatt, M.D. at the defendant's current business address, which is evidenced by the attached Affidavit of Jennifer L. Rodriguez (**Exhibit I**), which states that such actions occurred, showing that notice was sent by certified mail to Tejal Brahmbhatt, M.D. on November 15, 2010. A copy of the notice mailed is attached to the Affidavit. A copy of the return receipt is attached to the Affidavit, showing receipt of the Notice on November 23, 2010. A copy of the notice sent is attached to the Affidavit.

57. The Plaintiffs have further complied with Tenn. Code Ann. § 29-26-121(a) by delivery of the notice of the claim to Defendant Tejal Brahmbhatt, M.D. on November 18, 2010, by personal delivery to General Counsel for VUMC. Documentation required by Tenn. Code Ann. § 29-26-121(a) is attached hereto as **Exhibit J** and is incorporated herein by reference.

58. The requirements of Tenn. Code Ann. § 29-26-121(a) have been satisfied and more than sixty (60) days have passed since the date of Notice to the Defendant.

8

Case 3:11-cv-00399   Document 1   Filed 04/28/11   Page 8 of 14 PageID #: 8

59. At all times relevant hereto, Defendant VUMC was acting by and through its employee/agent, Tejal Brahmbhatt, M.D., and is responsible for the acts of its employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

60. Defendant Brahmbhatt undertook the treatment of Miguel Robles and was required to do so without negligence.

61. Mr. Robles' brain injury occurred as the result of the negligence and medical negligence of Defendant Brahmbhatt. Stated alternatively, Defendant Brahmbhatt failed to conform his care and treatment of Miguel Robles to the accepted level of professional care as it then existed for a professional treating a patient such as Miguel Robles in Davidson County or a similar community at that time, thereby causing him to suffer injury and damages. Stated another way, the defendants were guilty of medical malpractice and negligence which injured and damaged the Plaintiffs.

## COUNT III
## LAUREN HUBBARD ADCOCK, R.N.

62. All preceding statements and allegations of plaintiffs' complaint are incorporated herein and realleged as if expressly set forth herein.

63. The Plaintiffs have complied with Tenn. Code Ann. § 29-26-121(a) by personal delivery of the notice of the claim to Defendant Lauren Hubbard Adcock, R.N. on October 23, 2009, by personal delivery to General Counsel for VUMC. Documentation required by Tenn. Code Ann. § 29-26-121(a) is attached hereto as **Exhibit K** and is incorporated herein by reference.

64. Notice was further provided with service of the original suit on March 22, 2010, by certified mail to attorney of record, Scott Sims, Esq., who agreed to accept service for Defendant Adcock, which was confirmed by letter of March 18, 2010 (**Exhibit L**).

9

Case 3:11-cv-00399   Document 1   Filed 04/28/11   Page 9 of 14 PageID #: 9

65. The Plaintiffs have complied with Tenn. Code Ann. § 29-26-121(a) by having mailed by certified mail a second notice of the claim to Defendant Lauren Hubbard Adcock, R.N. at the defendant's current business address, which is evidenced by the attached Affidavit of Jennifer L. Rodriguez (**Exhibit M**), which states that such actions occurred, showing that notice was sent by certified mail to Lauren Hubbard Adcock, R.N. on July 26, 2010. A copy of the notice mailed is attached to the Affidavit. The Certificate of Mailing from the U.S. Postal Service, stamped with the date of mailing, is attached to the Affidavit, establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent is attached to the attached Affidavit.

66. The Plaintiffs have further complied with Tenn. Code Ann. § 29-26-121(a) by delivery of the notice of the claim to Defendant Lauren Hubbard Adcock, R.N. on August 10, 2010, by personal delivery to General Counsel for VUMC. Documentation required by Tenn. Code Ann. § 29-26-121(a) is attached hereto as **Exhibit F** and is incorporated herein by reference.

67. The requirements of Tenn. Code Ann. § 29-26-121(a) have been satisfied and more than sixty (60) days have passed since the date of Notice to the Defendant.

68. At all times relevant hereto, Defendant Vanderbilt was acting by and through its employee/agent, Lauren Hubbard Adcock, R.N., and is responsible for the acts of its employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

69. Defendant Adcock undertook the treatment of Miguel Robles and was required to do so without negligence.

70. Mr. Robles' brain injury occurred as the result of the negligence and medical negligence of Defendant Adcock. Stated alternatively, Defendant Adcock failed to conform her

care and treatment of Miguel Robles to the accepted level of professional care as it then existed for a professional treating a patient such as Miguel Robles in Davidson County or a similar community at that time, thereby causing him to suffer injury and damages. Stated another way, the defendants were guilty of medical malpractice and negligence which injured and damaged the Plaintiffs.

## COUNT III
## MICHAEL FISCHER, R.R.T.

71. All preceding statements and allegations of plaintiffs' complaint are incorporated herein and realleged as if expressly set forth herein.

72. The Plaintiffs have complied with Tenn. Code Ann. § 29-26-121(a) by personal delivery of the notice of the claim to Defendant Michael Fischer, R.R.T. on October 23, 2009, by personal delivery to General Counsel for VUMC. Documentation required by Tenn. Code Ann. § 29-26-121(a) is attached hereto as **Exhibit N** and is incorporated herein by reference.

73. Notice was further provided with service of the original suit on March 22, 2010, by certified mail to attorney of record, Scott Sims, Esq., who agreed to accept service for Defendant Adcock, which was confirmed by letter of March 18, 2010 (**Exhibit O**).

74. The Plaintiffs have complied with Tenn. Code Ann. § 29-26-121(a) by having mailed by certified mail a second notice of the claim to Defendant Michael Fischer, R.R.T. at the defendant's current business address, which is evidenced by the attached Affidavit of Jennifer L. Rodriguez (**Exhibit P**), which states that such actions occurred, showing that notice was sent by certified mail to Michael Fischer, R.R.T. on July 26, 2010. A copy of the notice mailed is attached to the Affidavit. The Certificate of Mailing from the U.S. Postal Service, stamped with the date of mailing, is attached to the Affidavit, establishing that the specified notice was timely

mailed by certified mail, return receipt requested. A copy of the notice sent is attached to the attached Affidavit.

75. The Plaintiffs have further complied with Tenn. Code Ann. § 29-26-121(a) by delivery of the notice of the claim to Defendant Michael J. Fischer, R.R.T. on August 10, 2010, by personal delivery to General Counsel for VUMC. Documentation required by Tenn. Code Ann. § 29-26-121(a) is attached hereto as **Exhibit F** and is incorporated herein by reference.

76. The requirements of Tenn. Code Ann. § 29-26-121(a) have been satisfied and more than sixty (60) days have passed since the date of Notice to the Defendant.

77. At all times relevant hereto, Defendant Vanderbilt was acting by and through its employee/agent, Michael Fischer, R.R.T., and is responsible for the acts of its employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

78. Defendant Fischer undertook the treatment of Miguel Robles and was required to do so without negligence.

79. Mr. Robles' brain injury occurred as the result of the negligence and medical negligence of Defendant Fischer. Stated alternatively, Defendant Fischer failed to conform his care and treatment of Miguel Robles to the accepted level of professional care as it then existed for a professional treating a patient such as Miguel Robles in Davidson County or a similar community at that time, thereby causing him to suffer injury and damages. Stated another way, the defendants were guilty of medical malpractice and negligence which injured and damaged the Plaintiffs.

## COUNT IV
## PUNITIVE DAMAGES – VANDERBILT UNIVERSITY MEDICAL CENTER

80. All preceding statements and allegations of plaintiffs' complaint are incorporated herein and realleged as if expressly set forth herein.

12

Case 3:11-cv-00399   Document 1   Filed 04/28/11   Page 12 of 14 PageID #: 12

81. Defendant VUMC's actions demonstrate a conscious disregard for the rights and safety of Miguel Robles. Plaintiff demands punitive damages against Defendant VUMC.

## COUNT V
## PUNITIVE DAMAGES – TEJAL BRAHMBHATT, MD

82. All preceding statements and allegations of plaintiffs' complaint are incorporated herein and realleged as if expressly set forth herein.

83. Defendant Brahmbhatt's actions demonstrate a conscious disregard for the rights and safety of Miguel Robles. Plaintiff demands punitive damages against Defendant Brahmbhatt.

## COUNT VI
## PUNITIVE DAMAGES – LAUREN HUBBARD ADCOCK, RN

84. All preceding statements and allegations of plaintiffs' complaint are incorporated herein and realleged as if expressly set forth herein.

85. Defendant Adcock's actions demonstrate a conscious disregard for the rights and safety of Miguel Robles. Plaintiff demands punitive damages against Defendant Adcock.

## COUNT VII
## PUNITIVE DAMAGES – MICHAEL FISCHER, RRT

86. All preceding statements and allegations of plaintiffs' complaint are incorporated herein and realleged as if expressly set forth herein.

87. Defendant Fischer's actions demonstrate a conscious disregard for the rights and safety of Miguel Robles. Plaintiff demands punitive damages against Defendant Fischer.

## DAMAGES

1. All preceding statements and allegations of plaintiffs' complaint are incorporated herein and realleged as if expressly set forth herein.

2. As a result of the injuries to and death of Mr. Robles, the Plaintiff has incurred medical and funeral expenses that she would not have otherwise incurred.

3. Miguel Robles endured much pain and suffering, and ultimately death, as a result of the negligence of the defendants.

4. As a direct and proximate result of Defendants' negligence, Plaintiff Maria Montiel has been deprived of the companionship, society, services, and consortium of her husband, Miguel Robles.

5. The Plaintiffs are entitled to all general and special damages under the law to which the jury deems them entitled, as proved at the trial of this matter.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount in excess of $75,000 for all causes of action above; plus punitive damages against the Defendants; and other relief as justice requires or as this Court or the trier of fact sees fit under principles of law and equity; plus interest, costs, and such further general relief to which they may be entitled.

### JURY DEMAND

Plaintiff demands a jury for all triable issues.

Date: April 27, 2011

Respectfully submitted,
**LAW OFFICES OF MORGAN G. ADAMS**

BY: _____
**MORGAN G. ADAMS, BPR #013693**
**ATTORNEYS FOR PLAINTIFFS**
1419 Market Street
Chattanooga, TN 37402
Adams@TennesseeAccidentLaw.com
Telephone: 423-265-2020
Fax: 423-265-2025

14