UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ESTATE OF MIGUEL ROBLES by )<br>Maria Montiel as Next of Kin and Surviving )<br>Spouse of Miguel Robles and MARIA )<br>MONTIEL, Individually, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>VANDERBILT UNIVERSITY MEDICAL )<br>CENTER, TEJAL BRAHMBHATT, M.D., )<br>LAUREN HUBBARD ADCOCK, R.N., and )<br>MICHAEL FISCHER, R.R.T., )<br>)<br>    Defendants. ) | NO. 3:11-0399<br>JURY DEMAND<br><br>JUDGE NIXON<br>MAGISTRATE JUDGE GRIFFIN |

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

On July 6, 2012, the Court heard Defendants' Motion to Compel. After consideration of the Motion and the arguments of counsel, the Court GRANTS Defendants' Motion to Compel as follows. Plaintiffs must supplement their Interrogatory Answers and Request for Production Responses by August 6, 2012, in the following respects:

1. Interrogatory #2 provides:

> Identify all persons known to you to have knowledge of the facts of this case, the substance of the facts known to each such person, and those individuals who have made written statements to you or your counsel concerning your claims and further state who has custody of such written statements.

Plaintiffs will either identify all individuals with knowledge or confirm to Defendants in writing that they have already identified all individuals with knowledge. In addition, Plaintiffs will generally specify the knowledge possessed by each individual. Plaintiffs need not identify all individuals who provided medical treatment to Miguel Robles ("Mr. Robles") at Vanderbilt

University ("Vanderbilt") or following discharge from Vanderbilt. Plaintiffs' general reference to Mr. Robles' Vanderbilt and post-Vanderbilt medical providers is sufficient.

2. Interrogatory #4 provides:

> With respect to each and every economic loss you are seeking to recover, please state: (a) The nature and amount of each claim; (b) Whether or not each claim has been paid; (c) By whom each claim was paid or is payable; and (d) For each claim that was paid or is payable by insurance, whether such insurance was purchased in whole or in part by you.

With respect to each economic loss Plaintiffs are seeking to recover, they will state: (a.) the nature and amount of each claim; (b.) whether each claim has been paid; (c.) by whom each claim was paid or is payable; and (d.) for each claim that was paid or is payable by insurance, whether such insurance was purchased in whole or in part by Plaintiffs or Mr. Robles.

3. Interrogatory #5 provides:

> Please provide the amount of expenses which you allege were incurred due to the negligence of the defendants that were paid, payable, replaced, or indemnified by you or a third party and the name of that third party categorized into amounts paid by: (a) Insurance provided by an employer, yourself, or your immediate family; (b) Social Security Benefits; (c) Any service benefit program; (d) An unemployment fund, if any; or (e) Any other source.

Plaintiffs will provide the amount of expenses they contend were incurred due to Defendants' alleged negligence that were paid, payable, replaced, or indemnified by Plaintiffs, Mr. Robles, or a third party and the name of that third party categorized into amounts paid by: (a.) insurance provided by an employer, Plaintiffs, Mr. Robles, or Mr. Robles' immediate family; (b.) Social Security Benefits; (c.) any service benefit program; (d.) an unemployment fund; or (e.) any other source.

4. Interrogatory #7 provides:

> Identify all health care providers who examined, treated, or consulted in the treatment of Miguel Robles at any time since January 1, 2000 for any medical problems, conditions, illnesses, or injuries, and state: (a) The name and address of the employer of each health care provider identified; (b) The date or dates of treatment, examination, or consultation performed by each health care provider; and (c) The nature and purpose of the treatment, examination, or consultation performed by each health care provider.

Plaintiffs will identify all medical providers who examined, treated, or consulted in the medical treatment of Mr. Robles since January 1, 2000 for any medical conditions, illnesses, injuries, or problems. For each, Plaintiffs will state the name and address of the employer of each medical provider, the date or dates of examination, treatment, or consultation, and the nature and purpose of the examination, treatment, or consultation.

5. Request for Production #3 provides:

> Please produce each document reflecting, referring, or relating to any element of damages allegedly incurred as a result of the claims asserted in the complaint.

Plaintiffs represented that they produced to Defendants each document reflecting, referring, or relating to any element of damages allegedly incurred as a result of the claims asserted in the Complaint. Plaintiffs will confirm to Defendants in writing that they have produced all responsive documents. If Plaintiffs locate additional responsive documents, Plaintiffs will produce them to Defendants.

6. Request for Production #5 provides:

> Please produce a copy of all documents supporting or relating to any of the allegations in your complaint.

To the extent they have not previously done so, Plaintiffs will produce to Defendants all documents that relate to Plaintiffs' claims of negligence and to Plaintiffs' economic claims.

7. Request for Production #6 provides:

> Please produce all documents relating to or referencing any of the
> individuals named as defendants in this action.

Plaintiffs will confirm to Defendants in writing that Mr. Robles' Vanderbilt medical records represent the only documents Plaintiffs possess that relate to or reference any of the individuals named as Defendants in this lawsuit, with the exception of documents that constitute work product.

8. Request for Production #8 provides:

> Please produce a copy of all documents received from or provided
> to any of the persons identified in your response to interrogatory 1
> above[, which requests information on testifying expert witnesses].

Plaintiffs will produce all documents received from or provided to any testifying expert witness, as required by Federal Rule of Civil Procedure 26(b)(4)(C), which provides:

> (C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
> (i) relate to compensation for the expert's study or testimony;
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

FED. R. CIV. P. 26(b)(4)(C).

9. Request for Production #11 provides:

> Please produce all diaries, electronic mail, journals, logs, memos,
> notes, personal or family calendars, or other documents or
> materials relating in any way to the automobile accident on
> October 18, 2008 or any of the claims made in this lawsuit.

Plaintiffs will produce to Defendants all diaries, electronic mail, journals, logs, memos, notes, personal or family calendars, and other documents and materials that relate in any way to the claims made in this lawsuit. Plaintiffs will permit Defendants to inspect at the offices of

Plaintiffs' attorneys all diaries, electronic mail, journals, logs, memos, notes, personal or family calendars, and other documents and materials that relate in any way to the automobile accident that occurred on October 18, 2008 and involved Mr. Robles, with the exception of documents protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b).

10. Request for Production #19 provides:

> Please produce all documents relating to or referencing the automobile accident that occurred on October 18, 2008, involving Miguel Robles.

Plaintiffs will permit Defendants to inspect at the offices of Plaintiffs' attorneys all documents relating to or referencing the automobile accident that occurred on October 18, 2008 and involved Mr. Robles, with the exception of documents protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b).

11. Request for Production #20 provides:

> Please produce all documents relating to or referencing any lawsuit arising out of the automobile accident that occurred on October 18, 2008, involving Miguel Robles, including but not limited to, pleadings, discovery responses, deposition transcripts, expert disclosures, and court orders.

Plaintiffs will permit Defendants to inspect at the offices of Plaintiffs' attorneys all documents relating to or referencing any lawsuit arising out of the automobile accident that occurred on October 18, 2008 and involved Mr. Robles, including but not limited to, pleadings, discovery responses, deposition transcripts, expert disclosures, and court orders, with the exception of documents protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b).

12. Request for Production #22 provides:

> Please produce copies of all pleadings filed in conjunction with the administration of Miguel Robles' estate.

Plaintiffs will produce to Defendants the pleadings filed in conjunction with the administration of Mr. Robles' estate.

    IT IS SO ORDERED.


                                                      _____
                                                      Juliet E. Griffin
                                                      United States Magistrate Judge

SUBMITTED FOR ENTRY:


/s/ Erin Palmer Polly
W. Scott Sims (#17563)
Erin Palmer Polly (#22221)
Walker, Tipps & Malone PLC
2300 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219
(615) 313-6000

*Counsel for Defendants*


/s/ Morgan G. Adams
Morgan G. Adams (#13693)
Law Offices of Morgan G. Adams
1419 Market Street
Chattanooga, Tennessee 37402
(423) 265-2020

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I certify that a true and exact copy of the foregoing has been served upon the following persons via the electronic filing system or U.S. Mail, postage prepaid, on this July 25, 2012:

| | |
|---|---|
| Morgan G. Adams<br>Law Offices of Morgan G. Adams<br>1419 Market Street<br>Chattanooga, Tennessee 37402 | Timothy H. David<br>David Law Group, P.A.<br>100 East Faith Terrace<br>P.O. Box 940218<br>Maitland, Florida 32794 |

                /s/ Erin Palmer Polly

92179