IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ESTATE OF MIGUEL ROBLES by )
Maria Montiel as next of kin and )
surviving spouse of Miguel Robles; and )
MARIA MONTIEL ) No. 3-11-0399
)
v. )
)
VANDERBILT UNIVERSITY )
MEDICAL CENTER; TEJAL )
BRAHMBHATT, M.D.; LAUREN )
HUBBARD ADCOCK, R.N.; and )
MICHAEL FISCHER, R.R.T. )

O R D E R

Pending before Court is the plaintiffs' motion for admission pro hac vice of Timothy H. David (Docket Entry No. 50). The Court is unable to grant that motion until Mr. David files a Certificate of Good Standing signed by the Clerk of a United States District Court to which he has been admitted in accord with Local Rule 83.01(d)(1).[1]

The following deadlines and extended deadlines were addressed at the hearing on July 6, 2012:

1. As provided on July 6, 2012, and as reflected in the order entered July 27, 2012 (Docket Entry No. 45), the July 2, 2012, deadline to file motions to amend the pleadings or to add additional parties for any actions taken after February 20, 2009, was extended to July 20, 2012, except to the extent that the defendants locate additional medical records of treatment the decedent received after discharge from Vanderbilt that the plaintiffs failed to disclose, the deadline for the defendants to file a motion to amend to add additional parties for any actions taken after February 20, 2009, is extended to December 3, 2012.

---

[1] The plaintiffs attached to the motion a Certificate of Good Standing from the Supreme Court of Florida.

2. The defendants shall take the plaintiff's deposition in Florida no later than December 31, 2012, along with other witnesses in Florida, if practical.

3. The plaintiffs shall have until March 1, 2013, to take the depositions of the defendants, including a Rule 26(b)(6) deposition, and the deposition of Dr. Guy.

4. The November 21, 2012, deadline for completion of all fact discovery and medical discovery is extended to April 16, 2013, by which time any other fact depositions, including, but not limited to, the depositions of other treaters, if relevant, depositions of the three facilities in Florida where the decedent was after he left Vanderbilt, and providers prior to his admission at Vanderbilt shall be completed. Any written discovery shall be propounded in sufficient time so that responses will be served no later than April 16, 2013, i.e., written discovery shall be served no later than March 15, 2013.

5. The July 16, 2012, deadline for the plaintiffs to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure is extended to June 14, 2013.

7. The September 3, 2012, deadline for the defendants to serve Rule 26(a)(2) expert disclosures is extended to August 1, 2013.

8. The November 14, 2012, deadline for the plaintiffs to serve rebuttal Rule 26(a)(2) expert disclosures to rebut any experts that the defendants have disclosed outside the fields of the experts disclosed by the plaintiffs is extended to September 16, 2013.[2]

9. The December 14, 2012, deadline for completion of expert discovery is extended to November 18, 2013.

10. The January 16, 2013, deadline for filing any dispositive motion is extended to December 31, 2013. Any response shall be served within 21 days of the filing of the motion or by January 21, 2014, if the motion is filed on December 31, 2013. Any reply, if necessary, shall be filed

---

[2] The plaintiff expects to use four experts in addition to an economist, and the defendants expect to use a comparable number in total.

within 14 days of the filing of the response or by February 4, 2014, if the response is filed on January 21, 2014.

No other filings in support of or in opposition to any dispositive motion shall be filed except with the express permission of the Honorable John T. Nixon.

There shall be no stay of discovery before the April 16, 2013, deadline for completion of fact discovery or the November 18, 2013, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

11. The November 21, 2012, deadline for taking any depositions for proof is extended to February 6, 2014. The February 6, 2014, deadline shall also apply to any depositions of experts to be used as proof if necessary.

12. The April 5, 2013, deadline for serving requests for admission is extended to April 4, 2014.

In addition, the November 30, 2012, deadline for filing any discovery motions relating to fact discovery is extended to April 25, 2013.

Upon the parties' request and in consultation with Judge Nixon's office, the jury trial scheduled on May 21, 2013, is RESCHEDULED to **Tuesday, June 3, 2014, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last two (2) weeks.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, May 30, 2014, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

The pretrial conference is also RESCHEDULED from May 10, 2013, to **Friday, May 23, 2014, at 10:00 a.m.** before Judge Nixon, in Chambers, 770 U.S. Courthouse.

By April 25, 2014, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with

Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By May 5, 2014, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any objections to proposed exhibits, in accord with Rule 26(a)(3)(B), and any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B).

By May 16, 2014, the parties shall file any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony and any responses to objections to deposition testimony and proposed exhibits.

By May 16, 2014, the parties shall also:

1. File a proposed joint pretrial order, which shall include:
   (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;
   (b) a short summary of the plaintiffs' theory (no more than one page);
   (c) a short summary of the defendants' theories (no more than one page each);
   (d) a succinct statement of the relief sought;
   (e) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;
   (f) Any special trial procedural issues;
   (g) A summary of any anticipated evidentiary issues;
   (h) A statement that counsel have complied with Rule 26(e) of the Federal Rules of Civil Procedure; and
   (i) The estimated length of the trial.
2. File pretrial briefs, including:
   (a) a concise statement of the facts;

(b) a concise statement of the issues;

(c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

(d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his contentions; and

(e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3. File their respective final lists of witnesses and exhibits;

4. File any deposition transcripts that the parties expect to use at trial;

5. File a listing of all agreed stipulations;[3] and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[4]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[3] Counsel shall attempt in good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to object. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[4] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.

5

Case 3:11-cv-00399   Document 51   Filed 08/09/12   Page 5 of 5 PageID #: 599